IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| THE ALTON & SOUTHERN RAILWAY COMPANY, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | CASE NO. _____ |
| CSX TRANSPORTATION, INC. | ) ) | |
| Defendant. | ) ) ) | |

## COMPLAINT

Plaintiff, The Alton & Southern Railway Company ("The Alton & Southern"), for its cause of action against Defendant CSX Transportation, Inc. ("Defendant"), states and alleges as follows:

## PARTIES

1. The Alton & Southern is a corporation organized and existing under the laws of the state of Delaware with its principal place of business located in East Saint Louis, Illinois.

2. Defendant is a corporation organized and existing under the laws of the state of Virginia with its principal place of business at 500 Water Street, Jacksonville, Florida. Defendant may be served by delivering process to CT Corporation System, its Registered Agent, at 1200 South Pine Island Road, Plantation, Florida, 33324.

## JURISDICTION AND VENUE

3. Paragraphs 1 and 2 of this Complaint are incorporated as if fully set forth herein.

4. This court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a), as the amount in controversy exceeds $75,000.00, exclusive of interest and costs, and there is complete diversity of citizenship.

5. Venue of this action is appropriate in the United States District Court for the Southern District of Illinois pursuant to 28 U.S.C. § 1391 (b)(2) as a substantial part of the events or omissions giving rise to the claim occurred in the judicial district.

### Blocking and Holding Charges

6. Paragraphs 1 through 5 of this Complaint are incorporated by this reference as if fully set forth herein.

7. The subject matter of this action stems from $3,254,785.07 in unpaid blocking and holding charges assessed pursuant to applicable agreements, tariffs, and rates governing the common carriage of freight by interstate rail carriers.

8. In 1997, The Alton & Southern and Defendant entered into a letter agreement whereby Defendant agreed to pay certain charges for blocking and holding services rendered by The Alton & Southern ("Letter Agreement"). A true and correct copy of the Letter Agreement is attached to this Complaint as Exhibit A and is incorporated herein by this reference.

9. By a letter a dated January 6, 2014, The Alton & Southern notified Defendant of the termination of the Letter Agreement and the establishment of

Tariff ALS 8002-K ("Tariff K"), including Item 400.  A true and correct copy of the letter is attached to this Complaint as Exhibit B and is incorporated herein by this reference.  The Alton & Southern's notice specifically advised the Defendant of the changes to charges associated with blocking and holding services, including the effective date of February 1, 2014.

10.     By an e-mail dated January 29, 2014, Defendant acknowledged receipt of The Alton & Southern's correspondence terminating the Letter Agreement and notice of the implementation of Tariff K.  A true and correct copy of the e-mail is attached to this Complaint as Exhibit C and is incorporated herein by this reference.

11.     In the e-mail, Defendant requested The Alton & Southern delay the effective date of Tariff K to March 1, 2014.  On January 30, 2014, The Alton & Southern agreed to honor Defendant's request.

12.     In addition to providing direct notice to Defendant of the institution of Tariff K, the tariff was also published with North American Railroad Professional Services.

13.     From July 2014 to February 2016, Defendant requested and The Alton & Southern provided $2,430,295.07 in blocking and holding services under Tariff K, Item 400.  A true and correct copy of an itemization of these charges billed to Defendant is attached hereto as Exhibit D and incorporated herein by this reference.  The Alton & Southern timely billed Defendant for these charges.

14.     By e-mail dated January 26, 2016, The Alton & Southern notified Defendant of its implementation of Tariff ALS 8002-L ("Tariff L") to replace Tariff

K, effective March 1, 2016. A true and correct copy of the e-mail is attached hereto as Exhibit E and incorporated herein by this reference.

15. In addition to providing direct notice to Defendant, Tariff L was published with North American Railroad Professional Services.

16. From March to July 2016, Defendant requested and The Alton & Southern provided $824,488.00 in blocking charges pursuant to Tariff L, Item 150. A true and correct copy of an itemization of these charges billed to Defendant is attached hereto as Exhibit D and incorporated herein by this reference. The Alton & Southern timely billed Defendant for these charges.

### Blocking and Holding Charges – Action on Account

17. Paragraphs 1 through 16 of this Complaint are incorporated by this reference as if fully set forth herein.

18. The Alton & Southern's services to Defendant were provided on an open account. Defendant accepted the services and became bound to pay The Alton & Southern the blocking and holding charges incurred, which were reasonable and customary for such services. The Alton & Southern kept a systematic record of Defendant's charges on the account which total $3,254,785.07. A listing of the charges incurred under the account is attached as Exhibit D. The account represents the record of the services provided by The Alton & Southern to Defendant and is kept in the ordinary course of The Alton & Southern's business.

19. This claim is just and true, it is due, and all lawful and just offset, payments and credits have been allowed.

WHEREFORE, The Alton & Southern prays the Court enter judgment against Defendant in the total amount of $3,254,785.07 plus accrued interest, costs of this suit, attorney fees, and other such relief as the Court deems just and proper.

### Blocking and Holding Charges – Breach of Contract

20. Paragraphs 1 through 19 of this Complaint are incorporated by reference as if fully set forth herein.

21. As evidenced in Exhibit D, between March 2014 and June 2016, Defendant requested and The Alton & Southern agreed to provide blocking and holding services to Defendant in exchange for payment of the associated charges. The Alton & Southern performed the freight services itemized in Exhibit D. In completing the blocking and holding services, The Alton & Southern satisfied all terms and conditions of the contracts and provided all services agreed to under each contract. Defendant accepted the services.

22. The fair, reasonable and agreed-to charges listed in Exhibit D total $3,254,785.07.

23. The Alton & Southern has repeatedly demanded Defendant pay the overdue charges.

24. Defendant has materially breached the contracts by failing and refusing to pay the charges due for the freight services.

WHEREFORE, The Alton & Southern prays the Court enter judgment against Defendant in the amount of $3,254,785.07, plus accrued interest, costs of this suit, attorney fees, and other such relief as the Court deems just and proper.

**Blocking and Holding Charges – Quantum Meruit**

25. Paragraphs 1 through 24 are incorporated by reference as if fully set forth herein.

26. As evidenced by Exhibit D and at the request of Defendant, The Alton & Southern agreed to and provided blocking and holding services to Defendant in March 2014 and thereafter.

27. The Alton & Southern performed the blocking and holding services itemized in Exhibit D.

28. The fair, reasonable and agreed-to charges for the blocking and holding services itemized in Exhibit D total $3,254,785.07.

29. Defendant received the benefit of the blocking and holding services, but has failed and refused to pay the charges due for the services rendered.

WHEREFORE, The Alton & Southern prays the Court enter judgment against Defendant in the amount of $3,254,785.07, plus accrued interest, costs of this suit, attorney fees, and other such relief as the Court deems just and proper.

DATED this 27th day of February, 2017.

        THE ALTON & SOUHTERN RAILWAY COMPANY, Plaintiff,

By:   s/Paul P. Waller III
       Paul P. Waller III
       Walker and Williams, P.C.
       4343 West Main Street
       Belleville, Illinois 62226
       (618) 277-1000
       Fax: (618) 233-1637, (618) 277-9104
       Email: ppw@wawpc.net

        Kyle Wallor
Lamson, Dugan & Murray
10306 Regency Parkway Drive
Omaha, NE 68114
(402) 397-7300
Fax: (402) 397-7824
Email: kwallor@ldmlaw.com